PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN R.  SIMMONS, JR.  III, | ) | |
| | ) | CASE NO.  4:12CV02952 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAPT.  CODNER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Alvin R.  Simmons, Jr., III filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Captain Codner.  In the Complaint, Plaintiff alleges Captain Codner cut his arm, denied him appropriate medical care, denied him access to his legal work, failed to provide a meal to him, and assaulted him.  He does not specify the relief he seeks.

Plaintiff filed an Amended Complaint, ECF No. 4, on December 10, 2012.  In this supplemental pleading, he indicates that the individual he identified as a "white officer" was Corrections Officer Thompson.  He claims Officer Thompson made derogatory comments to him. He requests that Officer Thompson be added as a Defendant to this case.

## I. Background

Plaintiff's Complaint is very brief.  It states in its entirety:

---

[1]  *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:12cv2952)

> This Defendant Capt. Codner on 11/2/2012 did assault me by cutting my left arm with a cutter he had at the cell door in the holding cell in R.N.D. N.E.O.C.C, Youngstown jail.  And denied me my legal work at first and a meal and all this happen over denied rights to the courts and 28/1344 race/olor this officer did call the riot team to assault me this Capt. Codner did spray gas to my face and once I went on the floor in the cell this officer did call me all kinds of fags and racial names this Officer was very prejudice with that very bias I was in fear for my life with all these all white officers in this holding cell in N.E.O.C.C. I new [sic] these officers were out to kill me and I am being held in racial segregation still at N.E.O.C.C. and do feel a lot of my civil rights were violated by this assault by these officers that afternoon in N.E.O.C.C.

ECF No. 1 at 1.  He indicates he is asserting claims for violations of his Fifth, Eighth, and Fourteenth Amendment rights.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist.

---

[2]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:12cv2952)

*Neitzke*, 490 U .S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

(4:12cv2952)

### III.  Law and Analysis

#### A.  Claims against Private Prison Employees

Plaintiff provides very few factual allegations in his Complaint.  It appears Plaintiff was in the custody of the United States Marshal and was housed in NEOCC when these events took place.  NEOCC is a private prison owned and operated by Corrections Corporation of America, a private corporation.  NEOCC accepts federal prisoners and detainees under contractual agreement with the United States Marshals and the United States Bureau of Prisons.  Because Plaintiff is a federal prisoner, his cause of action for violation of his constitutional rights must be asserted if at all, in a *Bivens* action.

*Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally.  *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).  *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations.  A *Bivens* action therefore cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government.  *Id.*

 The United States Supreme Court recently declined to extend *Bivens* to the employees of a private prison under certain circumstances.  *Minneci v. Pollard*, 132 S. Ct. 617, 622-23 (2012).  "A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), must seek a remedy under state tort

4

(4:12cv2952)

law.  A *Bivens* remedy cannot be implied."  *Id.* at 626.

In this case, as in *Minneci*, Plaintiff's "Eight Amendment claim focuses upon a kind of conduct that typically falls within the scope of traditional state tort law."  *Minnerci v. Pollard*, 132 S. Ct. at 623.  He alleges Codner cut his arm, denied him a meal, and sprayed him with tear gas. He alleges Officer Thompson threatened him and called him derogatory names.  He claims he was denied medical treatment.  These allegations fall within the scope of traditional State tort law. Plaintiff cannot bring a *Bivens* claim against Captain Codner or Officer Thompson for these actions.

**B.  Access to the Courts**

Plaintiff's claim for denial of access to the courts is asserted in one sentence: "Officer Codner J.  denied me my legal work."  ECF No. 1 at 1.  To state a claim for denial of access to the courts, Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot be said to have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).  In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants.  *Lewis*, 518 U.S. at 353.  "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...."  *Christopher*, 536 U.S. at 415.

5

(4:12cv2952)

Plaintiff does not allege he suffer an actual injury to a non-frivolous direct appeal, habeas corpus petition, or a civil rights action.  He provides no facts to elaborate on this claim which he states wholly as a legal conclusion.  The Court is not required to accept as true a legal conclusion cast as a factual allegation.  *Papasan*, 478 U.S. at 286.  Absent an indication that Captain Codner actually prevented Plaintiff from filing or caused the dismissal of one of the designated types of legal actions, his claim for denial of access to the courts must be dismissed.

### C.  **Equal Protection**

Plaintiff also asserts the Defendants denied him equal protection.  The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.  *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005).  The threshold element of an equal protection claim is disparate treatment.  *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006).  When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Plaintiff's claim fails to show disparate treatment.  He claims Officer Thompson called him "all kinds of fags and racial names."  ECF No. 1 at 1.  He indicates the officer was very prejudiced and very biased and claims he was in fear of his life because the officers were Caucasian.  Plaintiff does not allege sufficient facts to show disparate treatment.  He does not give any indication of what the officers actually did or said, what precipitated the call to the riot team, and what role Plaintiff had in the incident.  He alleges no revealing facts and concludes that the Defendants' actions were

6

(4:12cv2952)

racially motivated.  This claim is also stated as a legal conclusion.  It does nothing more than suggest the possibility that one or both of the Defendants violated his rights.  A claim that meets the pleading requirements of Federal Civil Procedure Rule 8 must meet the "plausibility" requirement, by pleading sufficient facts to allow "the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "[T]he plausibility standard ... asks for more than a sheer possibility that a defendant acted unlawfully."  *Id.*  Plaintiff has not alleged factual allegations which meet this basic pleading standard.

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 April 12,2013                                         */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                      United States District Judge

7