PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALVIN R.  SIMMONS, JR.  III, | ) | |
| | ) | CASE NO.  4:12CV02952 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CAPT.  CODNER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

Before the Court is Plaintiff's Motion for Reconsideration ECF No. 14.  In the Motion, Plaintiff contends his Complaint has merit and should be permitted to proceed.

Plaintiff filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Captain Codner alleging that Codner cut his arm, denied him appropriate medical care, denied him access to his legal work, failed to provide a meal to him, and assaulted him.  He did not specify the relief he requested.  He filed an Amended Complaint, ECF No. 4, on December 10, 2012, in which he claimed Officer Thompson made derogatory comments to him.  He added Thompson as a Defendant in this case.

The Court issued its Memorandum of Opinion and Order, ECF No. 10, dismissing the case on April 12, 2013.  Specifically, the Court held Plaintiff could not, by law, assert a *Bivens* claim for the alleged Eighth Amendment violations against Codner and Thompson because they were

---

[1]    *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:12CV02952)

employees of a private prison.  *See Minneci v. Pollard*, 132 S. Ct. 617, 622-23 (2012).  The Court also determined Plaintiff did not allege an "actual injury" to support a claim for denial of access to the courts under the First Amendment, and did not allege facts to demonstrate disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff has now filed a Motion for Reconsideration to contest that judgment.  He does not specifically address the Court's analysis in its Memorandum of Opinion and Order.  Instead, he states his belief that his Complaint had merit and concludes the case was dismissed because the Court was biased against him on the basis of his race.  Although he does not label the document as a Motion for Reconsideration, he asks the Court to reinstate his case.  The Court therefore liberally construes the document as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment.  *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment."  Fed.R.Civ.P. 59(e).  Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose."  *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011).  A court may grant a Motion to Alter or Amend Judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).  A Rule 59(e) motion is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued."  *Id.*

2

(4:12CV02952)

Liberally construed, the Motion does not set forth any grounds to alter or amend the judgement.  He points to no clear error of law in the Court's decision, no intervening change in the law which impacted the decision, and no newly discovered evidence.  He simply contends his case has merit and suggests that the Court was biased against him because he is African American.  As stated in its Memorandum of Opinion and Order, Plaintiff's Complaint failed to state a claim upon which relief may be granted.  Plaintiff does not provide any legal authority to suggest he did state a valid claim and therefore the action was properly dismissed.

## IV.  Conclusion

Accordingly, the Motion for Reconsideration, ECF No. 14, is denied.


IT IS SO ORDERED.


 October 7, 2013                                          /s/ Benita Y. Pearson
Date                                                     Benita Y. Pearson
                                                         United States District Judge

3