PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALVIN R. SIMMONS, JR. III, ) | |
| ) | CASE NO. 4:12cv2952 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CAPT. CODNER, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** [Resolving ECF No. 22] |

Before the Court is Plaintiff's Motion to Amend Judgment ECF No. 22. In the Motion, Plaintiff contends his Complaint has merit and should be permitted to proceed.

Plaintiff filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Captain Codner alleging Codner cut his arm, denied him appropriate medical care, denied him access to his legal work, failed to provide a meal to him, and assaulted him. He did not specify the relief he requested. He filed an Amended Complaint, ECF No. 4, on December 10, 2012, in which he claimed Officer Thompson made derogatory comments to him. He added Thompson as a Defendant in this case.

The Court issued its Memorandum of Opinion and Order, ECF No. 10, dismissing the case on April 12, 2013. Specifically, the Court held Plaintiff could not, by law, assert a *Bivens* claim for

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:12cv2952)

the alleged Eighth Amendment violations against Codner and Thompson because they were employees of a private prison.  See *Minneci v. Pollard*, 132 S. Ct. 617, 622-23 (2012).  The Court also determined Plaintiff did not allege an "actual injury" to support a claim for denial of access to the courts under the First Amendment, and did not allege facts to demonstrate disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff filed a Motion for Reconsideration, ECF No. 14, to contest that judgment.  He did not specifically address the Court's analysis in its Memorandum of Opinion and Order, but instead continued to assert his case had merit.  The Court therefore liberally construed the document as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990), and denied the Motion because Plaintiff did not allege any grounds for relief under Rule 59(e).

Notwithstanding this Court's denial of his first Motion for Reconsideration construed as a Motion to Alter or Amend Judgment, Plaintiff has filed a second Motion to Amend Judgment. ECF No. 22.  This Motion, like its predecessor, does not address the Court's Memorandum of Opinion and Order but instead continues to assert that his case has merit.

Well before filing his second Motion to Amend Judgment on November 25, 2013, Plaintiff filed an appeal of this Court's Memorandum of Opinion and Order on May 2, 2013.  ECF No. 12. That appeal is still pending. The filing of a Notice of Appeal operates to transfer jurisdiction of the case to the Court of Appeals, and the District Court is thereafter without jurisdiction to entertain post judgment motions except to act in aid of the appeal. *United States v. Garcia–Robles*, 562 F.3d 763 (6th Cir. 2009); *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969); *Keohane v. Swarco, Inc.*,

(4:12cv2952)

320 F.2d 429, 432 (6th Cir. 1963). A timely appeal divests the district court of jurisdiction to reconsider its judgment unless the case is remanded by the Court of Appeals. *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007). At the time he filed his Motion to Amend Judgment on November 25, 2013, Plaintiff already had an appeal pending in the Sixth Circuit Court of Appeals. This Court lacks jurisdiction to rule on Motion to Amend Judgment, ECF No. 22.

### IV. Conclusion

Accordingly, the Motion to Amend, ECF No. 22 is denied.

IT IS SO ORDERED.

| | |
|---|---|
|  March 11, 2014 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |